1   NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
    KURT W. MELCHIOR (SBN 027677)
2   BRYAN B. BARNHART (SBN 222693)
    50 California Street, 34th Floor
3   San Francisco, California 94111-4799
    Telephone: (415) 398-3600
4   Facsimile: (415) 398-2438

5   Attorneys for Plaintiffs

6

7

8

9                     UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

13   STAN LACKEY, A.K.A. JOHN LONDON,     )   Case No: C 06-3987 MHP
     DENNIS CRUZ, CHRIS TOWNSEND          )
14                                        )   **STIPULATION REGARDING FILING OF**
15          Plaintiffs,                   )   **PLAINTIFFS' THIRD AMENDED**
                                          )   **COMPLAINT**
16       vs.                              )
                                          )
17   CBS RADIO INC.; CBS RADIO STATIONS   )
     INC.; PENN JILLETTE; DOES 3 - 10     )
18                                        )
           Defendants.                    )
19   _____ )

20

21

22

23

24

25

26

27

28

1    The Parties in this litigation, through their respective counsel, hereby stipulate that

2    Plaintiffs may file the Third Amended Complaint that is attached to this Stipulation as Exhibit 1.

3    Defendants agree to this Stipulation solely for the purposes of allowing Plaintiffs to add John

4    London, Ltd. as a Plaintiff, and of allowing Plaintiffs to allege the existence of separate contracts

5    for Plaintiffs Dennis Cruz and Chris Townsend, and without waiver of any claims Defendants

6    may have with respect to the propriety of Plaintiffs' filing.  Except as expressly set forth herein,

7    nothing in this Stipulation should be construed as an admission or agreement by Defendants with

8    respect to any of the allegations in the Third Amended Complaint.

9

10   Dated: January 24, 2006          NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

11

12                                    By:_____/s/ Bryan Barnhart_____
                                              Bryan Barnhart
13                                    Attorneys for Plaintiffs
                                      JOHN LONDON (AKA STAN LACKEY), DENNIS
14                                    CRUZ, AND CHRIS TOWNSEND

15

16   Dated: January __, 2006          CALDWELL, LESLIE, PROCTOR & PETTIT, PC

17

18                                    By:_____/s/ Linda M. Burrow_____
                                              Linda M. Burrow
19                                    Attorneys for Defendants
                                      CBS RADIO INC., CBS RADIO STATIONS INC., AND
20                                    PENN JILLETTE

21

22        Dated: 1/27/07

23                                    IT IS SO ORDERED

24

25                                    Judge Marilyn H. Patel

26                                    UNITED STATES DISTRICT COURT
                                      NORTHERN DISTRICT OF CALIFORNIA

27

28

1  NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP
   KURT W. MELCHIOR (SBN 027677)
2  BRYAN B. BARNHART (SBN 222693)
   50 California Street, 34th Floor
3  San Francisco, California 94111-4799
   Telephone: (415) 398-3600
4  Facsimile: (415) 398-2438

5  Attorneys for Plaintiffs

6

7

8                        UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 STAN LACKEY, A.K.A. JOHN LONDON,      ) Case No: C 06-3987 MHP
   JOHN LONDON, LTD., DENNIS CRUZ, CHRIS )
12 TOWNSEND                              ) THIRD AMENDED COMPLAINT FOR:
                                         ) 1. BREACH OF CONTRACT;
13          Plaintiffs,                  ) 2. INDUCING BREACH OF CONTRACT;
                                         ) 3. INTERFERENCE WITH PROSPECTIVE
14     vs.                              )    ECONOMIC ADVANTAGE; AND
                                         ) 4. INTENTIONAL INFLICTION OF
15 CBS RADIO INC.; CBS RADIO STATIONS   )    EMOTIONAL DISTRESS.
   INC.; PENN JILLETTE; DOES 3 - 10     )
16                                       ) DEMAND FOR JURY TRIAL
            Defendants.                  )
17                                       )
                                         )
18                                       )
                                         )
19 _____)

20

21                          **THE PARTIES**

22     1.     Plaintiff Stan Lackey, a.k.a. John London, is a radio show host who lives in California's

23 San Francisco Bay Area.

24     2.     Plaintiff John London Ltd. is a California corporation that employs Plaintiff Stan Lackey,

25 a.k.a. John London.

26     3.     Plaintiff Dennis Cruz is a radio show co-host and producer who lives in California's San

27 Francisco Bay Area.

28

4. Plaintiff Chris Townsend is a radio show co-host and sports commentator who lives in California's San Francisco Bay Area.

5. Defendant CBS Radio Stations Inc. is a Delaware Corporation that owns KIFR-FM, a radio station that is located in and broadcasts from San Francisco, California. Defendant CBS Radio Stations Inc. is the true identity of the Defendant that appeared in Plaintiffs' original Complaint under the fictitious name of Doe No. 2, and was substituted for Doe No. 2 by and in Plaintiffs' Second Amended Complaint.

6. Defendant CBS Radio Inc. is a Delaware Corporation that owns Defendant CBS Radio Stations Inc. and does business in this County and State. CBS Radio Inc. is the true identity of the Defendant that appeared in Plaintiffs' original Complaint under the fictitious name of Doe No. 1, and that was substituted for Doe No. 1 in Plaintiffs' First Amended Complaint.

7. Defendant Jillette hosts a radio show that Defendants CBS Radio Inc. and CBS Radio Stations Inc. broadcast in San Francisco, California and other media markets nation-wide.

8. Defendants Does 3 through 10 are individuals or entities whose identity and involvement in the matters alleged herein are presently unknown to Plaintiffs and who are therefore sued by these fictitious designations. Plaintiffs are informed and believe and on such information and belief allege that said Defendants and each of them have been responsible in some manner for the actions, conduct, and damages alleged herein. Plaintiffs will seek leave of this Court to amend this Complaint to allege the true names of these Defendants when their names are ascertained.

9. Defendants CBS Radio Inc., CBS Radio Stations Inc., and Does 3 through 5 are herein sometimes referred to collectively as the "Radio Station Defendants." Defendants Jillette and Does 6 through 10 are herein sometimes referred to as the "Inducing Defendants."

10. Plaintiffs and the Radio Station Defendants have stipulated and agreed that CBS Radio Inc. and CBS Radio Stations Inc. – and not KIFR-FM and Infinity Broadcasting Corporation – are the appropriate Radio Station Defendants in this action. Therefore, the parties have stipulated and agreed that KIFR-FM and Infinity Broadcasting Corporation should not be and no longer are parties to this action.

1    11.    Plaintiffs are informed and believe and on such information and belief allege that at all

2  times mentioned herein, each Radio Station Defendant was an agent and/or employee of each of the

3  other Radio Station Defendants and that each Inducing Defendant was an agent and/or employee of each

4  of the other Inducing Defendants, and that in doing the things herein alleged, each Defendant was acting

5  within the scope of said agency and employment.

6                                  **JURISDICTION AND VENUE**

7    12.    Jurisdiction is proper in California and venue is proper in this Court because Defendants

8  are all located and/or do business in California, and because all of the wrongs alleged in this Complaint

9  occurred and/or infringed upon the rights of Plaintiffs in San Francisco County.  Plaintiffs executed their

10  employment and loan-out contracts with the Radio Station Defendants in San Francisco County,

11  Plaintiffs' employment was performed in San Francisco, and all of the Defendants' wrongs that are

12  herein alleged were intended to have and had a direct effect on Plaintiffs and each of them in this

13  County and State.

14                                  **GENERAL ALLEGATIONS**

15    13.    Plaintiff Stan Lackey ("Plaintiff London") and Plaintiff John London, Ltd. entered into a

16  written contract with the Radio Station Defendants to whereby Plaintiff John London, Ltd. would

17  provide the services of Plaintiff London to the Radio Station Defendants and Plaintiff London would

18  host a radio show entitled "John London's Inferno" ("London Contract").  The London Contract

19  provides that it "is a Two (2) Year no-cut Agreement terminable by just cause only" and that it will

20  remain in force from October 20, 2005 through October 19, 2007.  A true and correct copy of the

21  London Contract is attached to this Complaint as Exhibit A.

22    14.    Plaintiffs Dennis Cruz and Chris Townsend each entered into a written contract with the

23  Radio Station Defendants to co-host and produce John London's Inferno.  The Cruz and Townsend

24  Contracts likewise provide that each "is a Two (2) Year no-cut Agreement terminable by just cause

25  only" and that each will remain in force from October 20, 2005 through October 19, 2007.  True and

26  correct copies of the Cruz and Townsend Contracts are attached to this Complaint as Exhibits B and C,

27  respectively.

28

15.   The business of radio talk shows typically involves an entertainment which attracts its audience through confrontational and controversial radio talk.  Often, talk show hosts challenge or become confrontational with other talk show hosts while on the air.  The listening audience expects this format from radio personalities such as Plaintiff London.  The "John London's Inferno" program  was designed and intended by Plaintiffs and the Radio Station Defendants to be entertainment which attracted public interest by such methods.

16.   Radio personalities such as Plaintiffs build their reputations, and personal services corporations such as Plaintiff John London, Ltd. build the reputations of their performer employees, through successive successful performances on the air.  Premature termination of such contracts causes them great harm well beyond the loss of their contractual earnings, since such an event will deprive them of future opportunities and greatly damage their future careers, and the careers of their performer employees, as well.

17.   The Radio Station Defendants scheduled a talk show which featured Defendant Jillette, also a radio talk show host, to run regularly immediately prior to John London's Inferno.  On that program, Defendant Jillette made a number of highly offensive, scurrilous remarks about the late Mother Theresa which are too shocking to repeat in this pleading.

18.   Consistent with the confrontational format of such entertainment, Plaintiff London responded on the air in John London's Inferno to Defendant Jillette's offensive remarks by making hostile and confrontational remarks about Jillette.

19.   Immediately thereafter and well before their expiration dates, the Radio Station Defendants and each of them terminated their contracts with Plaintiffs on or about April 9, 2006, effective forthwith, allegedly for just cause.

20.   Plaintiff John London, Ltd. and Plaintiff London are informed and believes and on such information and belief allege that the Radio Station Defendants contend that Plaintiff London's remarks concerning Defendant Jillette, as mentioned above, constituted just cause for their termination.  Plaintiffs Cruz and Townsend have been given no comment or suggestion by anyone as to the alleged "just cause" for the early termination of their agreements and understand that not even a pretext of "just

**THIRD AMENDED COMPLAINT**

cause" for their termination exists.  In any event, Defendants have not shown any "just cause" for the early termination of any of the Plaintiffs' contracts.

21.    Plaintiffs are informed and believe and on such information and belief allege that Defendant Jillette and the other Inducing Defendants learned of London's remarks as stated in paragraph 18 and that in response thereto they and each of them induced the Radio Station Defendants to breach and cancel Plaintiffs' contracts.

22.    As a result of Defendants' conduct, Plaintiffs have suffered significant damages including their contract damages, out-of-pocket losses, lost profits, lost opportunities, lost future business, business development and contractual relationships, loss of the opportunity to build their and their performer employees' skills and reputation as professional entertainers, damage to their and their employees' reputations and future business prospects, and severe emotional distress.

## FIRST CAUSE OF ACTION

### (Breach of Contract, Against the Radio Station Defendants)

23.    Plaintiffs reallege and incorporate by this reference paragraphs 1 through 22 above.

24.    The Radio Station Defendants and each of them wrongfully breached their contracts with Plaintiffs by terminating Plaintiffs' contracts without just cause before October 19, 2007.

25.    As a result of these Defendants' wrongful breach of their contracts, Plaintiffs have been damaged in an amount to be proved at trial.

## SECOND CAUSE OF ACTION

### (Inducing Breach of Contract, Against the Inducing Defendants)

26.    Plaintiffs reallege and incorporate by this reference paragraphs 1 through 25 above.

27.    At all times relevant to this Complaint, the Inducing Defendants and each of them knew that contracts existed between Plaintiffs and the Radio Station Defendants.

28.    The Inducing Defendants and each of them intentionally and wrongfully induced the Radio Station Defendants to breach their contracts with Plaintiffs.

29.    As a direct and proximate result of these intentional and wrongful acts of the Inducing Defendants and each of them, the Radio Station Defendants in fact breached their contracts with Plaintiffs.

1    30.    As a direct and proximate result of the intentional and wrongful conduct of each of the

2    Inducing Defendants, Plaintiffs and each of them have been damaged in an amount that will be proved at

3    trial.

4    31.    The intentional and wrongful conduct of Defendant Jillette and the other Inducing

5    Defendants was despicable conduct, maliciously undertaken by each of them with willful and conscious

6    disregard for Plaintiffs' rights, and each of these Defendants is guilty of oppression and malice, entitling

7    Plaintiffs and each of them to recover, in addition to their actual damages, damages for the sake of

8    example and by way of punishing these Defendants.

9    **THIRD CAUSE OF ACTION**

10    (Interference With Prospective Economic Advantage, Against the Inducing Defendants)

11    32.    Plaintiffs reallege and incorporate by this reference paragraphs 1 through 31 above.

12    33.    At all relevant times, an economic relationship existed between Plaintiffs and the Radio

13    Station Defendants that contained the probability of future economic benefit to Plaintiffs.

14    34.    At all relevant times, Defendant Jillette and the other Inducing Defendants knew of

15    Plaintiffs' economic relationship with the Radio Station Defendants.

16    35.    Defendant Jillette and the other Inducing Defendants engaged in intentionally wrongful

17    and unlawful acts that they knew were substantially certain to disrupt the economic relationship between

18    Plaintiffs and the Ratio Station Defendants and injure Plaintiffs' business expectancies.

19    36.    As a direct and proximate result of the wrongful and unlawful conduct of the Inducing

20    Defendants and each of them, Plaintiffs' economic relationships with the Radio Station Defendants were

21    actually disrupted, proximately causing each Plaintiff to be damaged in an amount according to proof at

22    trial.

23    37.    The intentional and wrongful conduct of Defendant Jillette and the other Inducing

24    Defendants was despicable conduct, maliciously undertaken by each of them with willful and conscious

25    disregard for Plaintiffs' rights, and each of these Defendants is guilty of oppression and malice, entitling

26    Plaintiffs and each of them to recover, in addition to their actual damages, damages for the sake of

27    example and by way of punishing these Defendants.

28

### FOURTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress, Against the Inducing Defendants)**

38.    Plaintiffs reallege and incorporate by this reference paragraphs 1 through 37 above.

39.    Defendant Jillette and each of the other Inducing Defendants engaged in outrageous and unprivileged conduct by unreasonably and intentionally inducing the Radio Station Defendants and each of them to breach their contracts with Plaintiffs.  Defendant Jillette and the remaining "Inducing Defendants" engaged in said outrageous and unprivileged conduct with the specific intent of causing emotional distress to Plaintiffs and each of them.

40.    Said outrageous and unprivileged conduct by Defendant Jillette and the other Inducing Defendants caused each of Plaintiffs, except for Plaintiff John London, Ltd., to suffer severe emotional distress, to their damage in amounts that will be proved at trial.

41.    The intentional and wrongful conduct of Defendant Jillette and the other Inducing Defendants was despicable conduct, maliciously undertaken by each of them with willful and conscious disregard for Plaintiffs' rights, and each of these Defendants is guilty of oppression and malice, entitling Plaintiffs and each of them to recover, in addition to their actual damages, damages for the sake of example and by way of punishing these Defendants.

### PRAYER

Plaintiffs pray for relief as follows:

1.    For their general and special damages according to proof.

2.    For exemplary damages against Defendant Jillette and against Doe Defendants 6 through 10, and each of them, in amounts designed to punish said Defendants and each of them for their malicious and despicable conduct.

3.    For prejudgment interest on their contract damages.

////

////

////

////

////

1    4.      For such other and further relief as may be just.

2

3    Dated: January 24, 2007                    NOSSAMAN, GUTHNER, KNOX & ELLIOTT, LLP

4

5                                              By:      /s/ Kurt W. Melchior

6                                                  KURT W. MELCHIOR
                                                  Attorneys for Plaintiff
7                                                  STAN LACKEY, a.k.a. JOHN LONDON, DENNIS
                                                  CRUZ, AND CHRIS TOWNSEND

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIRD AMENDED COMPLAINT

**EXHIBIT A**

10-20-05
FINAL-1


To:   Ken Kohl
From: Lisa Miller

Re:   KIFR-FM and John London Ltd. For the services of John London

The following will confirm our conversation regarding the proposal of compensation and
terms offered by KIFR-FM 106.9 (incl HD 1 for simulcast) to John London for his
professional services.

| | |
|---|---|
| Position: | Afternoon Host on KIFR-FM |
| | (Any change in hours, only to mornings, will by mutual agreement, regarding the Term and Compensation. No other daypart changes are acceptable.) |
| | |
| Term: | October 20, 2005-October 19, 2007 |
| | |
| | This is a Two (2) Year no-cut Agreement terminable by just cause only, with a first right of negotiation exercisable in writing 120 days prior to the end date of the term year. |
| | |
| Start date: | On-Air start 10/25/05, or later as determined by KIFR-FM management. |
| | |
| Daypart: | Monday – Friday    3:00pm – 7:00pm |

| Base Compensation: | | |
|---|---|---|
| | Year 1 | $400,000 |
| | Year 2 | 400,000 |

Quarterly Performance Bonuses: Men 25-54 AQH Metro Share Rank
(incl ties, single station only, English speaking only, above the line)

Beginning w/ Winter 2006 and continuing each quarter thereafter

| | |
|---|---|
| #1 | $50,000 |
| #2 | 30,000 |
| #3 | 25,000 |
| #4 | 20,000 |
| #5 | 15,000 |
| #6 | 12,000 |
| #7 | 11,000 |
| #8-10 | 10,000 |

CBS 00013

| | |
|---|---|
| Appearance Rate:<br>(2-hour max) | TBD, by mutual agreement |
| Live Spot Read Rate: | TBD, by mutual agreement |
| Monthly Recorded Spot Rate | TBD, by mutual agreement |
| Endorsement Rate: | TBD, by mutual agreement |
| Syndication: | By separate Agreement |
| Staff: | Producer/Board Op    Dennis Cruz<br>Sports/ sidekick    Chris Townsend<br>(This is the minimum staff guaranteed and required to perform) |
| Vacation: | 4 Weeks per annum |
| Holidays | Company  Holidays |
| Studio | Audio Vault or comparable, w/tapes<br>2-Instant replay machines<br>Pro Tools<br>Phone lines |
| Office | Office space for JL and staff w/equip. |
| Services | TBD |
| Parking: | In building Parking to be provided and paid directly by<br>KIFR-FM |

The parties agree to negotiate in good faith to execute an Infinity Loan-Out Agreement, which will contain the terms and conditions defined above, as well as other mutually agreed-upon terms and conditions.

Ken Kohl VP GM KIFR                10/20/05

John London, Ltd.
John London

**EXHIBIT B**

10-20-05
FINAL 1


To:     Ken Kohl
From:   Lisa Miller

Re:     KIFR-FM employment of Dennis Cruz

The following will confirm our conversation regarding the proposal of compensation and terms offered by KIFR-FM 106.9 (incl HD 1 for simulcast) to Dennis Cruz for his professional services.

Position:       Afternoon Co-Host/Producer on KIFR-FM
                (Any change in hours, only to mornings, will be by mutual agreement, regarding the Term and Compensation. No other daypart changes are acceptable.)

Term:           October 20, 2005-October 19, 2007

                This is a Two (2) Year no-cut Agreement terminable by just cause only, with a first right of negotiation exercisable in writing 120 days prior to the end date of the term year.

Start date:     On-Air start 10/25/05, or later as determined by KIFR-FM management.

Daypart:        Monday – Friday     3:00pm 7:00pm


Base Compensation:      Year 1      $135,000
                        Year 2       145,000


Quarterly Performance Bonuses:  Men 25-54 AQH Metro Share Rank
(incl ties, single station only, English speaking only, above the line)

Beginning w/ Winter 2006 and continuing each quarter thereafter

                        #1          $10,000
                        #2           9,000
                        #3           8,000
                        #4           7,000
                        #5           5,000
                        #6           4,000
                        #7           3,000
                        #8-10        2,000

CBS 00011

| | |
|---|---|
| Appearance Rate:<br>(2-hour max) | TBD, by mutual agreement |
| Live Spot Read Rate: | TBD, by mutual agreement |
| Monthly Recorded Spot Rate | TBD, by mutual agreement |
| Endorsement Rate: | TBD, by mutual agreement |
| Syndication: | By separate Agreement |
| Staff: | Host            John London<br>Sports/ sidekick     Chris Townsend<br>(This is the minimum staff guaranteed and required to perform) |
| Vacation: | 4 Weeks per annum |
| Holidays | Holidays |
| Studio | Audio Vault or comparable, w/tapes<br>2-Instant replay machines<br>Pro Tools<br>Phone lines |
| Office | Office space for DC and staff w/equip. |
| Services | TBD |
| Parking: | In building Parking to be provided and paid directly by<br>KIFR-FM |

The parties agree to negotiate in good faith to execute an Infinity Personal
Service Employee Agreement, which will contain the terms and conditions
defined above as well as other mutually agreed-upon terms and conditions.

_____
Ken Kohl VP GM KIFR

_____
Dennis Cruz

CBS 00012

**EXHIBIT C**

10-20-05
FINAL 1

To:   Ken Kohl
From: Lisa Miller

Re:   KIFR-FM for the Employment of Chris Townsend

The following will confirm our conversation regarding the proposal of compensation and
terms offered by KIFR-FM 106.9 (incl HD 1 for simulcast) to John Townsend aka
Chris Townsend for his professional services.

Position:      Afternoon Co-Host on KIFR-FM
               (Any change in hours, only to mornings, will by mutual agreement, regarding the Term and
               Compensation. No other daypart changes are acceptable.)

Term:          October 20, 2005-October 19, 2007

               This is a Two (2) Year no-cut Agreement terminable by just cause only,
               with a first right of negotiation exercisable in writing 120 days prior to the
               end date of the term year.

Start date:    On-Air start 10/25/05, or later as determined by KIFR-FM management.

Daypart:       Monday – Friday      3:00pm – 7:00pm


Base Compensation:     Year 1      $ 85,000
                       Year 2        85,000


Quarterly Performance Bonuses:  Men 25-54 AQH Metro Share Rank
(incl ties, single station only, English speaking only, above the line)

Beginning w/ Winter 2006 and continuing each quarter thereafter

                       #1          $5,000
                       #2           4,000
                       #3           3,000
                       #4           2,500
                       #5           2,000
                       #6           1,500
                       #7           1,000
                       #8-10          500

| | |
|---|---|
| Appearance Rate: (2-hour max) | TBD, by mutual agreement |
| Live Spot Read Rate: | TBD, by mutual agreement |
| Monthly Recorded Spot Rate | TBD, by mutual agreement |
| Endorsement Rate: | TBD, by mutual agreement |
| Syndication: | By separate Agreement |
| Staff: | Host    John London<br>Producer/Board Op    Dennis Cruz<br>(This is the minimum staff guaranteed and required to perform) |
| Vacation: | 4 Weeks per annum |
| Holidays | Holidays |
| Studio | Audio Vault or comparable, w/tapes<br>2-Instant replay machines<br>Pro Tools<br>Phone lines |
| Office | Office space for CT and staff w/equip. |
| Services | TBD |
| Parking: | In building Parking to be provided and paid directly by KIFR-FM |

The parties agree to negotiate in good faith to execute an Infinity Personal Service Employee Agreement, which will contain the terms and conditions defined above as well as other mutually agreed-upon terms and conditions.

Ken Kohl VPGM/KIFR    10/20/05

Chris Townsend

CBS 00010